The PRESIDENT
delivered the opinion of the court.
This court having decided, that the plain-till cannot be compelled to suffer a nonsuit, the counsel for the appellees acknowledged that the judgment of the District Court must be reversed, but he has insisted, that the bill of exceptions should be considered as a demurrer to evidence, and that the variance between the case stated and that proved, being material, the court ought to reverse the judgment of the County Court.
In the case of Keel and Herbert v. Roberts, this court decided against the doctrine of taking a bill of exceptions for a demurrer to evidence; but the counsel endeavored to distinguish that case from this, on account, of the whole evidence being stated in this,
whereas there was in that only a partial recital of the evidence, and says that the reason which governed the court in that case was founded upon this distinction. Whether this was the only reason assigned by the court, I cannot ascertain, not having my notes with me; but the Judges recollect that their discussion went farther, and that they considered the two modes of proceeding as being so totally dissimilar, that the one could not be considered as answering the purposes of the other. On a demurrer to evidence, the court may refuse to compel the other part}' to join, and may either direct the jury as to the sufficiency of the evidence, or in a clear case, may leave it to the jury to decide upon, as the court seem to have done in this case. We cannot therefore consider this as a demurrer to evidence. The counsel for the appellees then insists, that the variance between the declaration and the proof is so material, *that this court cannot give judgment for the appellant, or affirm the judgment of the County Court; since in all special actions, the plaintiff must prove his case, precisely as he has stated it; that if he fail to do so, he cannot recover, although he should prove another contract entitling him to the same relief, because such recovery would be no bar to a new suit founded upon such other contract. The cases cited for this purpose do not apply to the present. In those, the two contracts are entirely different from each other; such as good wheat, stated, and good wheat of a second quality proved — a lease reserving rent annually'staled, and reserving it quarterly proved. These were different contracts, and the substance of the one, was not comprehended in the other. We are not inclined to meddle with these decisions, nor bj' any means to extend them beyond their principles. But in this case, the proof extends to all the substantial parts of the contract as laid, and what it does not reach was wholly immaterial, and might as well have been omitted as inserted. But if it could be material, yet the evidence being stated in the bill of exceptions, and a general verdict found for the appellant, he would be barred from a future action, and the appel-lees would have it completely in their power to avail themselves of this recovery, by referring to the record. The appellant was to find the store keepers meat and drink for ^83; to do this, he must have a house, and whether he then had one, or was to procure one, or whether they solicited him, or he them for the contract, was wholly unimportant.
The judgment of the District Court must be reversed, and that of the County Court affirmed.